**UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| MATT RANDALL § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO.:4:23-CV-228-O |
| § | |
| STATE FARM LLOYDS § | |
| Defendant. § | |
| § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, MATT RANDALL (herein "Plaintiff"), and files this Plaintiff's Original Petition complaining of Defendant STATE FARM LLOYDS, (herein or "Defendant"), and for cause of action shows the Court the following:

**I.   PARTIES**

1.   Plaintiff, MATT RANDALL, is an individual who resides in Tarrant County, Texas.

**2.**   Defendant STATE FARM LLOYDS ("Defendant") is a Domestic insurance company engaged in the business of insurance in the State of Texas and based in Illinois. Defendant has appeared and answered.

**II.   JURISDICTION AND VENUE**

3.   This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court as verified by Plaintiff Rule 47(c) statement, *supra*.

4.      This Court has jurisdiction over Defendant because this Defendant is an insurance company which has purposefully availed itself to the jurisdiction of the State of Texas by engaging in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

5.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2).

### III.     FACTS

6.      Plaintiff purchased a policy from Defendant, insuring Plaintiff's property against certain losses. The Policy number was 85BMP5960 (hereinafter referred to as "the Policy")

7.      Plaintiff maintains an insurable interest in the insured property, which is located at 2391 Florence Rd. South Lake, Texas 76092, (hereinafter referred to as "the Property").

8.      On or about April 28, 2021, The Property sustained serious structural damage as a result of a covered loss under The Policy (the "Covered Loss Event"). Specifically, the Property was damaged as a result of severe wind storm. Shortly thereafter, Plaintiff made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 43-H898-0X7.

9.      Plaintiff retained a public adjuster, who contacted State Farm on or about September 15, 2021 to report the claim.

10.     On September 30, 2021, fifteen days later, adjuster Lamarr Person asked to schedule an inspection in October.

11.     On October 6, 2021, State Farm conducted an inspection and found that a full replacement of Plaintiff's roof was warranted. State Farm found $23,786.25 in estimated damages, and made a payment of $13,191.52, representing that estimate less $7,004.73 depreciation and a deductible of $3,590.00.

12. On June 20, 2022, Plaintiff's public adjuster provided a signed and sworn proof of loss, stating that the full cost of repair would be $109,361.62, $81,985.37 more than Defendant had adjusted for in October. Defendant had fifteen business days to accept, reject, or request more information in response to this proof of loss. On July 4, 2022, State Farm issued an email indicating they had received the estimate.

13. CASA engineering took photographs of the observed damage and prepared a report. This report was provided to Defendant, who has failed to include these covered losses provided for in the proof of loss.

14. On August 26, 2022, Plaintiff's counsel sent a demand for the payment that Defendant had failed to pay. Defendant requested and was provided a reinspection, but stood by its decision regarding its prior payment.

15. On November 14, 2022, Defendant provided notice that, due to an exclusion to part of the claimed loss to the metal roofing of Plaintiff's shed, Defendant was not issuing any supplemental payment. Defendant's form letter failed to explain how it had ignored the remaining charges for the replacement of Plaintiff's roof, which Defendant had already found to be a covered loss.

16. Subsequent to this letter from Defendant, Plaintiff completed partial repairs to his property. Defendant has failed to pay the recoverable depreciation that it acknowledged it owed more than a year earlier.

## IV.   CAUSE OF ACTION AGAINST DEFENDANT – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

17. Plaintiff repleads all of the material allegations above set forth in Paragraphs 11-16 and incorporate the same herein by this reference as if here set forth in full.

18. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

19. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendant failed to explain to Plaintiff the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

21. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and

requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## V. CAUSE OF ACTION AGAINST DEFENDANT – FRAUD

26. Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-25 and incorporate the same herein by this reference as if here set forth in full.

27. Defendant is liable to Plaintiff for common law fraud.

28. Defendant represented in its policy that damages resulting from a covered loss such as this claim would be insured. Plaintiff, to Plaintiff's detriment, purchased Defendant's policy in exchange for a benefit Defendant knew the Plaintiff would not receive. Plaintiff further relied to Plaintiff's detriment upon the false, fraudulent, and deceptive acts and practices employed by Defendant, in performing an inspection, investigation and evaluation of Plaintiff's claim. Plaintiff was not knowledgeable in the manner and scope required to investigate such a loss, nor knowledgeable in insurance loss coverage issues and were not aware of the deceptive, fraudulent practices which required that they hire an independent adjuster after the delays and failure to

provide the promises adjusting services were discovered. Defendant, based upon its experience, special knowledge of structural loss issues resulting from covered losses such as this one and insurance coverage issues were able to deceive Plaintiff into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjuster and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.

29. Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff. Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff. Plaintiff relied to its detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff sought representation of the undersigned counsel in an attempt to expedite the resolution of this claim dispute without unnecessary litigation. However, Defendant has recalcitrantly failed to pay funds which are owed on this claim in which Defendant's liability to pay is clear. This undue expense and delay was solely incurred due to the acts of Defendant in failing to perform the duties what it was required to perform Texas Insurance Code and the contract of insurance

30. The conduct of Defendant has prolonged Plaintiff's hardship of restoring the damaged home and increased the expense of relocation and alternative living arrangements. Defendant knew at the time the misrepresentations and fraudulent conduct occurred (as described above) that the representations contained in the estimate of loss were untrue and communicated those representations to Plaintiff which were false. Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned

PLF File No. 100868                                                                                                    Page 6

representations and falsehoods relating to material facts for the reason that absent such representations, Plaintiff would not have acted as Plaintiff did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

31. Defendant made statements and performed actions with the intention to manipulate Plaintiff to act as Plaintiff did, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## VI. CAUSE OF ACTION AGAINST DEFENDANT – CONSPIRACY TO COMMIT FRAUD

32. Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-31 and incorporate the same herein by this reference as if here set forth in full.

33. Defendant is liable to Plaintiff for conspiracy to commit fraud. Defendant, through its relationships with adjusters, and/or third-party claims adjusting firms, was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result. Plaintiff does not seek damages from conspirators other than Defendant, but reserves the right to amend this pleading.

## VII. CAUSES OF ACTION AGAINST DEFENDANT – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

34. Plaintiff replead all of the material allegations above set forth in Paragraphs 1-33 and incorporate the same herein by this reference as if here set forth in full.

35. Defendant is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

36. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

37. Defendant's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

38. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VIII. CAUSES OF ACTION AGAINST DEFENDANT – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

39. The Adjuster and/or adjusters, whose conduct is referenced herein and above, was acting as an agent of Defendant at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant, the insurer. TEX.INS.CODE §4001.051.

40. Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of Defendant Adjuster including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## IX. KNOWLEDGE AND INTENT

41. Each of the acts described above, together and singularly, was done "knowingly," and "intentionally" as those terms are used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## X.  DAMAGES

42. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

43. As previously stated, the damages caused by the Covered Loss Event were not fully paid by Defendant and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiff financially in terms of paying for covered losses when such obligation was that of Defendant, which has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

44. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim losses and expenses, together with attorney's fees.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE §541.152.

46. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as ten percent (10%) interest per

annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

49. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI. RESERVATION OF RIGHTS

50. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## XII. CONDITIONS PRECEDENT

51. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## XIII. PRAYER

52. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled to.

Respectfully submitted,

**PALKER LAW FIRM, PLLC**
4428 S. McColl Rd.
Edinburg, TX 78539
Telephone: (956) 320-0270
Email: service@palkerlaw.com


By:     */s/ Chris J. Dobson*
        CHRIS J. DOBSON
        State Bar No. 24074140
        JASON PALKER
        State Bar No. 24108248
        PRESTON J. DUGAS III
        State Bar No. 24050189


**ATTORNEYS FOR PLAINTIFF**